UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLIE MANTEL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:13-cv-00698-TWP-TAB |
| LINDA SUE BOREN, | ) ) ) |
| Defendant. | ) |

# **ENTRY**

This matter is before the Court on Plaintiff Charlie Mantel's ("Mr. Mantel") Motion for Default Judgment (Dkt. 21). A Clerk's Entry of Default was entered on December 27, 2013. For the following reasons, the motion is **DENIED**. In addition, Mr. Mantel shall have a period of time in which to show cause why the action should not be dismissed for lack of subject matter jurisdiction.

## **I. Jurisdiction**

"Jurisdiction" means nothing more and nothing less than "a court's adjudicatory authority." *Reed Elsevier, Inc. v. Muchnick,* 130 S. Ct. 1237, 1243 (2010). "Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *Winters v. Fru–Con, Inc.,* 498 F.3d 734, 740 (7th Cir. 2007) (internal quotation omitted).

A federal court has a responsibility to "police subject matter jurisdiction *sua sponte*." *Hay v. Ind. State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002). Federal courts are courts of limited jurisdiction. *Newell Operating Co., v. Int'l Union of United Auto., Aero., & Agric., Implement Workers of Am.,* 532 F.3d 583, 587 (7th Cir. 2008). The federal courts may only exercise jurisdiction over cases when that jurisdiction is "specifically authorized by federal statute." *Id.* "Jurisdiction is established when the complaint narrates a claim that arises under federal law (28 U.S.C. § 1331) or that satisfies the requirements of the diversity jurisdiction (28 U.S.C. § 1332)." *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013).

Once jurisdiction over a case is determined to be absent, the only course is to note the absence of jurisdiction and dismiss the case on that ground. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). The Seventh Circuit, though, "generally discourage[s] district courts from *sua sponte* dismissing a complaint for lack of subject matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend. Such a dismissal is improper unless the jurisdictional defect is incurable." *George v. Islamic Republic of Iran*, 63 F. App'x 917, 918 (7th Cir. 2003) (citing *Frey v. EPA*, 270 F.3d 1129, 1132 (7th Cir. 2001)).

## II. **The Complaint**

Mr. Mantel is a resident of Indiana and employed at the Indiana University School of Medicine. Defendant Linda Sue Boren ("Ms. Boren") is alleged to be a resident of Missouri. Ms. Boren and Mr. Mantel used to be married, but are divorced. On March 19, 2012, Ms. Boren contacted the School of Medicine faculty, including Mr. Mantel's direct supervisor, and represented herself as a Cape Giradeau County Child Protective Services representative. She

accused Mr. Mantel of being a child molester with criminal charges against him. These statements were knowingly false. Mr. Mantel brought this action for redress in federal court.

A prerequisite to maintaining an action under ' 1331 is that the plaintiff "must allege a violation of the United States Constitution or a federal statute." *Goulding v. Feinglass,* 811 F.2d 1099, 1102 (7th Cir. 1987), *cert. denied*, 107 S. Ct. 3215 (1987). Although Mr. Mantel's complaint was filed as a "federal question" action, the face of the complaint clearly lacks any federal claim.

The sole claim in the complaint is best characterized as one arising under Indiana law for defamation. Such an action could be maintained in this Court only under the Court's diversity jurisdiction. "Diversity" jurisdiction exists if the parties are citizens of different states and the amount in controversy exceeds $75,000. *Andrews v. E.I. Du Pont de Nemours & Co.,* 447 F.3d 510, 514 (7th Cir. 2006). To establish diversity "between citizens of different states," there must be complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005). This means that the plaintiff must be a citizen of a different state than the defendant.

Mr. Mantel has not pleaded diversity jurisdiction. First, Mr. Mantel alleges that he is a resident of Indiana and Ms. Boren is a resident of Missouri. The complaint, however, fails to allege Mr. Mantel's and Ms. Boren's *citizenship*, which is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."). Second, the complaint fails to state a measure of damages. In his papers seeking the entry of a default judgment, Mr. Mantel seeks only $50,000 in damages. This provides insight into the quantum of damages sought and is well below the

current amount-in-controversy requirement for diversity jurisdiction.[1] His demand for default judgment, in fact, establishes to a legal certainty that the amount in controversy is less than $75,000. *See Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) ("Under the legal certainty test, courts will find federal jurisdiction on the basis of the plaintiff's complaint unless it appears 'to a legal certainty' that the claim is really for less than the jurisdictional amount.").Thus, he has not adequately pleaded subject matter jurisdiction based on diversity of citizenship.

### III. Discussion

#### A.

The entry of a clerk's default does not constitute the defendant's admission as to conclusions of law. *Black v. Lane,* 22 F.3d 1395, 1407 (7th Cir. 1994). On the contrary, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted). Without jurisdiction, any decision or ruling by the court would be a nullity. *See Naum v. Brown,* 604 F.Supp. 1186, 1187 (E.D.N.Y. 1985).

The consequence of the foregoing is that Mr. Mantel's motion for default judgment [dkt 12] must be **denied.** *Bruce v. Nolan,* CV 01-1474-BR, 2002 WL 31440886 (D.Or. Feb. 12, 2002) ("This Court's conclusion that it lacks jurisdiction . . . precludes the Court from entering a default judgment.").

---

[1] While the limit under 28 U.S.C. § 1332 was, at one time, an amount exceeding $50,000.00, Mr. Mantel's pleadings fail to satisfy this standard, as well. The amount in controversy must *exceed* the statutory amount, and Mr. Mantel seeks only $50,000.00.

**B.**

As noted in Part I of this Entry, the Seventh Circuit discourages the *sua sponte* dismissal of an action for lack of subject matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend. Based on the discussion in Part II of this Entry, Mr. Mantel is notified of the absence of jurisdiction in this Court and shall have through June 3, 2014, in which to file an amended complaint curing this deficiency or to otherwise show cause why the action should not be dismissed for lack of jurisdiction.

SO ORDERED.

Date: 05/01/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rosanne Judith Grissmer
THE LAW OFFICE OF ROSANNE JUDITH GRISSMER
rosannegrissmer@grissmerlawoffice.com