# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLIE MANTEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-00698-TWP-TAB |
| | ) | |
| LINDA SUE BOREN, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DAMAGES

This matter was before the Court on a damages hearing held August, 27, 2014, on Plaintiff Charlie Mantel's ("Mr. Mantel") default judgment entered against Defendant Linda Sue Boren ("Ms. Boren"). Ms. Boren has failed to appear. The Court makes the following findings of fact and conclusions of law. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.").

## I. FINDINGS OF FACT

This matter arose from the relationship between Mr. Mantel and Ms. Boren. Mr. Mantel is a faculty member and researcher at the Indiana University School of Medicine and is affiliated with the Walther Oncology Center. His immediate supervisor is a Nobel Peace Prize nominee, and together Mr. Mantel and his supervisor have published various articles and research findings in the field of oncology. Mr. Mantel is not a public figure and earns a salary of $81,000.

In August 2011, Mr. Mantel purchased a 2001 BMW 330 Ci Sport automobile in Indiana, while in the midst of a divorce proceeding, and titled the car in Ms. Boren's name. The two had

agreed that she would sign title back over to Mr. Mantel once they arrived in Missouri. Ms. Boren refused to sign the title back to Mr. Mantel, even after Mr. Mantel's ex-wife was awarded the BMW in their divorce property settlement. Mr. Mantel then brought a small-claims replevin action against Ms. Boren in September 2012 after multiple attempts to take back the BMW had failed.

On February 15, 2012, Mr. Mantel's direct supervisor received a voice mail message from a person calling herself Christina Stadtler, from Child Protective Services in Cape Giradeau County, Missouri. This person indicated she was looking for Mr. Mantel regarding two cases of child molestation filed against him. Mr. Mantel's supervisor returned the phone call, but never heard back from Christina Stadtler. Mr. Mantel has identified the voice of Christina Stadtler as that of Ms. Boren. Mr. Mantel's supervisor told him if the allegations were true, he would be terminated.

On March 19, 2012, Ms. Boren contacted Mr. Mantel's divorce attorney about the replevin claim Mr. Mantel planned on filing against her. Ms. Boren admitted to the attorney that she had fabricated allegations that Mr. Mantel molested her 14 year old daughter and had called Mr. Mantel's secretary and supervisor posing as Christina Stadtler. Ms. Boren has continued to make false allegations that Mr. Mantel molested her daughter by way of social media and Mr. Mantel has suffered a stigma as a result.

## II. <u>CONCLUSIONS OF LAW</u>

To maintain a claim for defamation under Indiana law, a plaintiff must prove defamatory imputation, malice, publication, and damages. *Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind. 1994). Defamation *per se* arises when a communication imputes criminal conduct. *Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 522 (Ind. Ct. App. 2001). "In cases of defamation *per se*, the jury may presume damages because the law presumes the plaintiff's

reputation has been damaged, and the jury may award a substantial sum for this presumed harm, even without proof of actual harm." *Glasscock v. Corliss*, 823 N.E.2d 748, 757 (Ind. Ct. App. 2005). The Court finds that Ms. Boren's false allegations are defamatory *per se*, and Mr. Mantel is entitled to substantial damages for the harm caused. The Court finds that a sum of $81,000, which represents Mr. Mantel's annual salary that was threatened by the defamatory allegations, is appropriate.

Mr. Mantel has also asked for an injunction prohibiting Ms. Boren from her continued false allegations. A permanent injunction is a final judgment that requires a showing of: (1) whether the plaintiff has succeeded on the merits; "(2) whether the plaintiff will have an adequate remedy at law or will be irreparably harmed if the injunction does not issue; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the injunction may inflict on the defendant; and (4) whether the granting of the injunction will harm the public interest." *Plummer v. Am. Inst. of Certified Pub. Accountants*, 97 F.3d 220, 229 (7th Cir. 1996). Here, the Court finds that Mr. Mantel has established the four factors and is entitled to a permanent injunction. First, he has succeeded on the merits. Second, given that Ms. Boren has failed to answer or appear, has an outstanding $6,000 replevin judgment against her, and continues to spread false allegations, the Court doubts a monetary judgment will deter Ms. Boren. Third, there is no potential harm in preventing Ms. Boren from defaming Mr. Mantel. Fourth, the public will only be benefited by an injunction. Therefore, the Court will enter a permanent injunction prohibiting Ms. Boren from continuing her defamation of Mr. Mantel.

Finally, Mr. Mantel asked at the hearing for a protective order[1] against Ms. Boren. The Court has found no basis for its authority to enter such an order, nor has Mr. Mantel provided the Court with such basis. This relief is not available in this forum.

### III. CONCLUSION

Accordingly, Mr. Mantel is awarded $81,000 in damages. Further, Ms. Boren is enjoined from engaging in the defamatory conduct described herein.

SO ORDERED.

Date: 10/6/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rosanne Judith Grissmer
THE LAW OFFICE OF ROSANNE JUDITH GRISSMER
rjgattorney@yahoo.com

Linda Sue Boren
1620 Bloomfield Road
Cape Girardeau, MO 63703

---

[1] Mr. Mantel was not referring to a discovery protective order as contemplated under Federal Rule of Civil Procedure 26(c)(1).